```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND

_____
                               )
DAVID L. HAUSER and AMANDA HAUSER )
as Co-Administrators of the    )
Estate of David T. Hauser,     )
                               )
        Plaintiffs,            )
                               )
    v.                         )    C.A. No. 10-423 S
                               )
STONEBRIDGE LIFE INSURANCE COMPANY,)
                               )
        Defendant.             )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

    Magistrate Judge David L. Martin issued a Report and Recommendation (R&R) on March 5, 2012 (ECF No. 23), recommending that the Court grant Defendant Stonebridge Life Insurance Company's Motion for Summary Judgment (ECF No. 12) and deny Plaintiffs', David L. Hauser and Amanda Hauser as Co-Administrators of the Estate of David T. Hauser, Motion for Summary Judgment (ECF No. 21).  Plaintiffs filed an objection to the R&R (see Plaintiffs' Objection to Report and Recommendation, ECF No. 26), to which Defendant responded (see Defendant's Response to Plaintiffs' Objection to Report and Recommendation, ECF No. 27).  The Court held a hearing on Plaintiffs' objection, at the conclusion of which the Court took the matter under advisement.

After carefully reviewing Plaintiffs' objection and performing independent research on the issue, the Court adopts the R&R's conclusion that the Supreme Court of Rhode Island likely would follow the reasoning of the majority of courts to have addressed this issue, including the First Circuit in Stamp v. Metro. Life Ins. Co., 531 F.3d 84 (1st Cir. 2008), and concludes that a reasonable person in Mr. Hauser's position would have viewed the event which caused his death as likely to have occurred given his intentional conduct of driving with a blood-alcohol level of .32%, four times the legal limit. (See R&R 26.)

The Court writes to emphasize that, in its view, this conclusion is limited to the facts of this case and does not represent a categorical rule. See Stamp, 531 F.3d at 91 (declining to adopt "a categorical determination that all alcohol-related deaths are per se accidental or nonaccidental"). In this regard, the Court finds the opinions in Kovach v. Zurich Am. Ins. Co., 587 F.3d 323 (6th Cir. 2009), and LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan, 605 F.3d 789 (10th Cir. 2010), and the dissenting opinion in Stamp, 531 F.3d at 94 (Torruella, J., dissenting), to be well reasoned and persuasive. These opinions point out that there is little empirical support for a categorical conclusion that intoxication (e.g., a blood-alcohol

2

level greater than the Rhode Island legal limit of .08%) is highly likely to result in injury or death, making the event non-accidental.  While it may be good policy to exclude coverage for injury or death resulting from accidents which occur when a driver has been driving while intoxicated, courts should refrain from jumping to attractive policy-based conclusions on the basis of statistically unsupportable conclusions.  That is, it cannot be said that an intoxicated driver who is injured or killed was "highly likely" to be injured or killed because it is statistically more likely that one who drives while over the legal limit will arrive home safely than it is that he or she will be injured or killed.  Stamp, 531 F.3d at 97 (Torruella, J., dissenting) (noting that, based on empirical data, "[w]hat common knowledge . . . actually tell[s] a person driving while intoxicated is that he or she is far more likely to be arrested for driving while intoxicated than to die or be injured in an alcohol-related automobile crash, and far more likely to arrive home than to be either arrested, injured, or killed." (quoting West v. Aetna Life Ins. Co., 171 F. Supp. 2d 856, 904 (N.D. Iowa 2001))); see also LaAsmar, 605 F.3d at 811-12 ("The fact that driving drunk may increase the chances of being killed in an accident does not necessarily make that accident expected.  In fact, a number of courts have noted that, statistically, it is not reasonably foreseeable that a person driving drunk will be

3

seriously injured or killed.") (internal citations omitted); Kovach, 587 F.3d at 335 (noting that empirical data suggests that "the likelihood of serious injury or death for each person who drives while intoxicated is something far less than 'reasonably foreseeable'").

What distinguishes this case is Mr. Hauser's extreme level of intoxication. Notably, Defendant submitted the affidavit of Dr. Robert Stoltz, stating that a person with a blood-alcohol level of .32%

> is at risk of coma or death and will likely experience confusion, dizziness, exaggerated emotions (anger, fear, grief)[,] impaired visual perception, decreased pain sensation, significantly impaired balance, slurred speech, moderate muscle incoordination, apathy, impaired consciousness, stupor, significantly decreased response to stimulation, severe muscular incoordination, inability to stand or walk, vomiting and incontinence of urine and feces.

(See Aff. of Robert Stoltz, M.D., May 19, 2011, ECF No. 14.) Mr. Hauser's extreme intoxication takes this case outside of the reasoning of Kovach, LaAsmar, and the dissenting opinion in Stamp, landing squarely among the cases in which "a reasonable person, with background and characteristics similar to the insured, would have viewed the injury as highly likely to occur as a result of the insured's intentional conduct." Stamp, 531 F.3d at 89 (quoting Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077, 1088 (1st Cir. 1990)).

Because the Court holds that Mr. Hauser's collision was not accidental within the meaning of the policy, it does not need to reach the policy exclusions.

The Court also wishes to briefly address Plaintiffs' objections. First, insofar as Plaintiffs rely on Smith v. Stonebridge Life Ins. Co., 473 F. Supp. 2d 903 (W.D. Wis. 2007), this argument gets no traction. Smith focuses on policy exclusions, and therefore, it is not persuasive in determining whether there is policy coverage in the first place. Second, the doctrine of contra proferentum does not require this Court to reach an unreasonable conclusion, and the conclusion expressed in the Magistrate Judge's R&R is the only reasonable conclusion under the facts of this case. Third, Rhode Island common law does not dictate a different result. The cases relied upon by Plaintiffs clearly involve the interpretation of statutes aimed at criminalizing certain behavior or compensating victims for accidents, and they are not controlling on the interpretation of the insurance policy language at issue here. See Dias v. Cinquegrana, 727 A.2d 198 (R.I. 1999); State v. Smyth, 397 A.2d 497 (R.I. 1979). Therefore, Plaintiffs' objection must be rejected.

Accordingly, the Court hereby ACCEPTS the Report & Recommendation; REJECTS Plaintiffs' Objection to the Report and

Recommendation; GRANTS Defendant's Motion for Summary Judgment; and DENIES Plaintiffs' Motion for Summary Judgment.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: May 29, 2012